UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROBERT MCNEIL, )
)
    PETITIONER )
)
v. ) NO. 2:01-CR-84; 2:02-CR-32
) NO. 2:12-CV-38
UNITED STATES OF AMERICA, )
)
    RESPONDENT. )

## MEMORANDUM AND ORDER

Defendant Robert McNeil ("McNeil") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 468]. McNeil has also filed a *pro se* "Motion for Show of Cause Hearing" [Doc. 533]. Finally, through counsel, McNeil has filed an Expedited Motion to Reduce Sentence [Doc. 574]. The Government has filed a response [Doc. 581]. The matter is now ripe for the Court's consideration.[1]

**I.    BACKGROUND**

On March 26, 2002, McNeil was indicted by a federal grand jury for conspiracy to distribute fifty grams or more of crack cocaine in violation 21 U.S.C. § 841(a)(1) [Doc. 1]. On April 16, 2002, the United States filed an Information to Establish Prior Convictions, pursuant to 21 U.S.C. § 851(a)(1), identifying two prior felony drug convictions in North Carolina [Doc. 17]. The effect of this notice was to expose McNeil to a mandatory term of imprisonment of life. 21 U.S.C. § 841(b)(1)(A).

On May 6, 2002, McNeil entered a plea agreement in which he agreed to plead guilty to a conspiracy to distribute 11.5 ounces (or 322 grams) of crack cocaine [Doc. 29,

---

[1] The order of referral in Case No. 2:02-CR-32 is hereby withdrawn [Doc. 560].

*Plea Agreement,* Doc. 30, *Agreed Factual Basis*]. As part of his plea agreement with the United States, McNeil waived his right to collaterally attack his sentence by way of filing a Section 2255 claim.

For the initial sentencing, the Presentence Investigation Report ("PSR") confirmed that McNeil had two prior felony drug convictions out of North Carolina. [PSR at ¶ ¶ 57, 63]. The PSR calculated his restricted Guideline Range to be life imprisonment based on his two prior drug felony convictions and the 851 notice [PSR at ¶ 86].

Because the United States filed a motion for downward departure, [Doc. 260], the Court was able to depart downward from the minimum mandatory of life, and on February 9, 2004, sentenced McNeil to 300 months' imprisonment [Doc. 265]. McNeil did not appeal his conviction or sentence. Indeed, nothing happened on McNeil's case until January 30, 2012, when McNeil filed his Motion to Vacate under 28 U.S.C. § 2255 [Doc. 468].

## II. McNEIL'S 28 U.S.C. § 2255 MOTION AND THE GOVERNMENT'S POSITION

Defendant seeks to vacate his sentence pursuant to § 2255 on the grounds of *United States v. Simmons*, 649 F.3d 327 (4th Cir. Aug. 17, 2011) (en banc) and its interpretation of *Carachuri-Rosendo v. Holder*, 130 S.Ct 2577 (2010) and *United States v. Rodriquez*, 533 U.S. 377 (2008) [Doc. 204]. In 2011, *Simmons,* a Fourth Circuit opinion, held that under North Carolina's structured sentencing scheme, the maximum sentence for a particular defendant's offense hinges on his individual prior criminal history, so that the maximum sentence is not the highest sentence which could be imposed on an offender with the worst criminal history, but the highest sentence an

2

individual offender can receive, given his prior criminal history. This was, to say the least, a dramatic departure from how the Fourth Circuit had been treating convictions out of North Carolina for enhancement purposes. McNeil claims that under *Simmons,* he would be subject to neither the statutory mandatory life provision nor the career offender provision under U.S.S.G. § 4B1.1.

The Government construes McNeil's claim as one based not on *Simmons*, which is a Fourth Circuit case and not controlling in this district, but on *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008). The Sixth Circuit in *Pruitt* came to the same conclusion the Fourth Circuit did in *Simmons,* except in 2008 and not 2011. *Pruitt* held that if the defendant could not be punished by more than a year of imprisonment under the North Carolina statutory scheme, then the prior conviction could not be used to enhance a defendant's sentence under either 21 U.S.C. § 841(b)(1)(A) or the Sentencing Guidelines.

The Court notes that it appears that McNeil's failure to file timely his § 2255 motion forecloses the Court addressing its merits. However, as the Government notes in its Response [Doc. 584], it has affirmatively waived its reliance on § 2255's statute of limitations based on the "interests of justice." It has also agreed not to raise, as a defense, the § 2255 waiver contained in McNeil's plea agreement [Doc. 73, at p. 5]. Accordingly, the Court finds that, in light of those waivers, the Court can reach the merits of McNeil's § 2255 motion.

3

### III. THE MERITS

#### A. Retroactivity of *Pruitt*

The substance of McNeil's motion relates to the effect of *Pruitt* on cases on collateral review. Before reaching whether *Pruitt* benefits McNeil, the Court must first determine whether *Pruitt* is retroactive to apply McNeil's case in the first instance.

As the Government argues, for *Pruitt* to have retroactive application, it must be both (1) a new rule and (2) apply retroactively on collateral review. *Teague v. Lane*, 489 U.S. 288, 310 (1989). Under *Teague,* "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government [or] ... if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague,* 489 U.S. at 301, 109 S.Ct. 1060 (citations omitted).

The Government insists that *Pruitt* was a new rule under *Teague* because it did not follow Fourth Circuit precedent. And, in fact, *Pruitt* did not follow Fourth Circuit precedent. *See Pruitt*, 545 F.3d at 424 ("[W]e recognize that our decision here is in some tension with holdings of the Fourth Circuit") citing *United States v. Harp*, 406 F.3d 242, 246 (4th Cir.2005). The Sixth Circuit departed from the Fourth Circuit's decision in *Harp* in how to determine what kind of prior conviction constituted a "prior felony conviction" for enhancement purposes under either the statute or the Guidelines.

The Government also opined that *Pruitt* applies retroactively because it was a substantive change in the law. Substantive rules generally "apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose on him." *In re Mazzio*, 756 F.3d 487, 490 (6th Cir. 2014) quoting *Schriro v. Summerlin,* 542

4

U.S. 348, 353 (2004) 542 U.S. at 352 (citations omitted). The Government notes that this change "alter[ed] … the class of persons that the law punishes" [Doc. 217 at p. 6] quoting *Schriro,* 542 U.S. at 353; *see also Miller v. United States*, 735 F.3d 141, 145-46 (4th Cir. 2013) (holding that the rule in *Simmons* was substantive and thus retroactively applicable to cases on collateral review). Based on this analysis, the Government insists that *Pruitt* "announced a new substantive rule that is retroactively applicable to cases on collateral review" [Doc. 73, at p. 8]. This means that *Pruitt* applies to McNeil's § 2255 motion for relief.

### B. Merits of McNeil's § 2255

Addressing the merits of McNeil's claims, the Government concedes that McNeil has a cognizable and meritorious claim for § 2255 relief under *Pruitt*. *Id.* at 6. The Government has conducted a review of McNeil's criminal history and has determined that "[i]n [McNeil's] case, his criminal history did not expose him to more than one year of imprisonment for his 1997 North Carolina drug offense." *Id.* at 7, citing N.C. Gen. Stat. § 15A-1340.17 (1995) (authorizing a maximum of twelve months' imprisonment for a Class H felony committed by a defendant with a prior record level of III). Thus, McNeil's prior drug conviction, used initially to enhance his sentence, is no longer considered a "felony drug offense" for sentencing enhancement purposes under 21 U.S.C. § 841(b)(1)(A). In other words, had McNeil pled guilty after *Pruitt* was decided he would not be exposed to any enhanced punishment under either the statute or the career offender provision of the sentencing guidelines. McNeil is, as both parties agree, entitled to relief under *Pruitt.*

5

### C. The Available Relief

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors constituting "fundamental defect[s] which inherently result[] in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348–49, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)); *see also United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

Having found McNeil eligible for § 2255 relief, the next issue is what remedy is available in this context. The four potential remedies available to the Court are (1) discharge the prisoner, (2) resentence him, (3) grant a new trial, or (4) correct the sentence. 28 U.S.C. § 2255(b). The Government argues that a sentencing reduction is the most appropriate remedy in addressing McNeil's case. The Court agrees.

In this regard, the Government calculates McNeil's non-restricted advisory Guideline Range to be 188 – 235 months based on his § 2D1.1 offense level of 31 [Doc. 73, p. 10]. It recommends the Court reduce McNeil's sentence to 215 months' imprisonment, which according to its calculation would most likely result in McNeil's immediate release. McNeil argues that his revised Guideline Range should be a range of

6

151 – 188 months under Amendments 750 and 780, and 130 to 162 months under Amendment 782, and asks the Court to reduce his sentence to 176 months' imprisonment [Doc. 574 at p. 1]. The Court notes that under either the Government's recommended sentence of 215 months or McNeil's request for a 176 month sentence, McNeil would be eligible for immediate release.

The Court has carefully considered McNeil's claim in his § 2255 motion and the arguments of counsel. In view of the Government's waiver of any objections under the particular facts and circumstances of this case, and its affirmative waiver of both the statute of limitations defense and the § 2255 waiver in the plea agreement, and upon a review of the record as a whole, the Court will **GRANT** McNeil's § 2255 motion [Doc. 468]. The Court **DENIES** McNeil's *pro se* "Motion for Show of Cause Hearing" [Doc. 533] and **DENIES AS MOOT** his Expedited Motion to Reduce Sentence [Doc. 574].

### D. A Sentence Reduction

The effect of granting McNeil's § 2255 motion requires the Court to address McNeil's sentence. The Court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" set forth in the Sentencing Act. 18 U.S.C.A. § 3553. The Court has reviewed all of the enumerated factors listed in 18 U.S.C. § 3553(a), considered the Presentence Report filed initially in this case, along with the arguments outlined in the parties' respective briefs currently before the Court. The Court has also reviewed McNeil's institutional record. The non-restricted revised Guidelines calculation, in light of *Pruitt,* is an offense level of 31 and a criminal history category of VI, which yields a Guideline Range of 188 – 235 months imprisonment.

7

McNeil's institutional record has not been of any significance. He is to be commended for earning his General Education Development (GED) diploma. While he has incurred three disciplinary infractions, they have been relatively minor, and he has not committed any violent acts since his incarceration beginning on December 1, 2001.

After considering McNeil's personal characteristics, his institutional success while incarcerated, the nature and circumstances of the offense, and the revised PSR sentencing guideline range, including the other statutory factors, the Court finds this is an appropriate case to vary from the guideline range. Based on the forgoing, the Court finds that the appropriate sentence in McNeil's case is TIME SERVED and will enter an order amending the judgment to reflect a term of imprisonment accordingly. All other aspects of the prior judgment shall remain as originally imposed. This order shall take effect 10 days after entry.

A separate judgment SHALL enter.

SO ORDERED.

                                            s/Leon Jordan
                                            UNITED STATES DISTRICT JUDGE